# EXHIBIT A

Case 1:07-cr-00816   Document 21-2   Filed 04/25/2008   Page 1 of 10



U. S. Department of Justice

United States Attorney
Northern District of Illinois

| | | |
|---|---|---|
| Lisa M. Noller<br>Assistant United States Attorney | Dirksen Federal Building<br>219 South Dearborn Street, Fifth Floor<br>Chicago, Illinois 60604 | Direct Line: (312) 353-5314<br>Fax: (312) 353-4324<br>Email: lisa.noller@usdoj.gov |

April 14, 2008

Hand Delivery
Hon. John W. Darrah
United States District Court
Northern District of Illinois
219 S. Dearborn
Room 1203
Chicago, Illinois 60604

    Re:    *United States v. Shumate*, Case No. 07 CR 816 (N.D. Ill.)

Dear Judge Darrah:

    Enclosed are statements from defendant's former clients we would ask you to consider at Mr. Shumate's sentencing on April 16, 2008.

                                    Very truly yours,

                                    PATRICK J. FITZGERALD
                                  United States Attorney

                        By:  *[signature]*
                             LISA M. NOLLER
                             Assistant United States Attorney

Enclosures
cc:    Ted Sinars (w/encl; via fax)
        Kelly Kwon (w/encl; via fax)

## Internal Revenue Service
## Criminal Investigation

## Memorandum of Interview

| | | | |
|---|---|---|---|
| **In Re:** | Thomas Shumate | **Location:** | Via Telephone (847) 639-9825 |

**Investigation #:** 1000206024
**Date:** April 11, 2008
**Time:** Approx. 11:45 a.m. – 11:55 a.m.
**Participant(s):** Debbie Robinson, Witness
Lucy Tan, Special Agent

On the above date and time, Special Agent Tan contacted Debbie Robinson of Display and Resources Inc via the telephone to obtain Robinson's testimony on the types of impact that the payroll fraud had imposed on her business. Robinson provided the following information:

1. Propay Inc provided payroll services to Display and Resources (D&R) for approximately 6 years.

2. Robinson hired Propay for its good reputation in the community. Robinson stated that whenever she had any tax issues, Propay would always handle the problem for her.

3. Robinson stated that D&R is no longer in business, partly due to the fraud and her health. Robinson has bipolar disorder. She said the fraud had placed a tremendous amount of stress on her that it has worsened her medical problem.

4. Robinson currently does not have any medical insurance and her husband could not find a job.

5. Robinson felt cheated. Robinson said that she entrusted Shumate with her tax money and it was a terrible and inexcusable thing for Shumate to steal from her. She believes that Shumate should take full responsibility for the stolen amounts.

6. Robinson simply stated that she does not have the money to pay her tax liabilities twice.

The telephone interview was concluded at approximately 11:55 a.m.

*Lucy Tan*

Lucy Tan
Special Agent

# Internal Revenue Service
# Criminal Investigation

# Memorandum of Interview

| | | | |
|---|---|---|---|
| **In Re:** | Thomas Shumate | **Location:** | Via Telephone (847) 650-9876 |

**Investigation #:** 1000206024
**Date:** April 11, 2008
**Time:** Approx. 2:35 p.m. – 3:00 p.m.
**Participant(s):** Christine Klemm, Witness
Lucy Tan, Special Agent

On the above date and time, Special Agent Tan contacted Christine Klemm of C.K. Salon Inc via the telephone to obtain Klemm's testimony on the types of impact that the payroll fraud had imposed on her business. Klemm provided the following information:

1. Propay Inc provided payroll services to CK Salon (CK) for approximately 8 years.

2. Klemm stated that a customer at her salon referred her to Propay. Klemm hired Propay for its good reputation and trustworthiness. Klemm said that Shumate seem very knowledgeable, forth-right and professional. She established a positive professional relationship with Shumate and his secretary, Brenda Visocnik over the years. Klemm was unaware of any tax issues until she was contacted by IRS-CI in late 2006.

3. Klemm felt betrayed and invaded. Klemm said that this fraud had a large impact on her business and personal life. Klemm stated that the situation made her really scared and nervous. It has negatively impacted Klemm's level of trust and comfort when dealing with other professional businesses.

4. Klemm said it is horrible that there is no other recourse for the victims. Klemm incurred a large amount of attorney fees and will still need to repay the stolen tax money to the IRS.

The telephone interview was concluded at approximately 3:00 p.m.

*Lucy Tan*

Lucy Tan
Special Agent

# Internal Revenue Service
# Criminal Investigation

## Memorandum of Interview

| | | | |
|---|---|---|---|
| **In Re:** | Thomas Shumate | **Location:** | Via Telephone (262) 497-7807 |

**Investigation #:** 1000206024
**Date:** April 7, 2008
**Time:** Approx. 12:23 p.m. - 12:35 p.m.
**Participant(s):** Gary Grissom, Witness
Lucy Tan, Special Agent

On the above date and time, Special Agent Tan contacted Gary Grissom of Illinois Contract Glazing Inc. via the telephone to obtain Grissom's testimony on the types of impact that the payroll fraud had imposed on his business. Grissom provided the following information:

1. Propay Inc provided payroll services to Illinois Contract Glazing (ICG) for approximately 14 years.

2. Grissom stated that he had developed positive relationships with Thomas Shumate and his secretary, Brenda Visocnik over the years. Grissom described Shumate and Visocnik as being very accommodating and helpful. Grissom did not have any issues with Propay until he was contacted by IRS-CI in late 2006. Grissom stated that he was blind-sided by the entire scheme.

3. Grissom provided five impacts on how the fraud had affected his business:

    a. Grissom stated that it was very disruptive for ICG to switch payroll services at year-end. They received a last minute notice from Propay stating that ICG's payroll file was transferred over to another payroll service, Paychex Payroll Services. Grissom said that it was extremely difficult for him to gather all the tax and payroll information to the new payroll service and still meet the year-end filing deadlines.

    b. Secondly, Grissom stated that ICG's systems were built around Propay's reporting needs. Grissom had to alter ICG's internal structures to accommodate the changes in payroll reporting with the new payroll service.

    c. Grissom stated that he spent over 200 man hours in gathering the payroll

records for the past six years.

d. Grissom also spent countless hours reconciling the years in question.

e. Grissom said that the total tax due and owing to the IRS is still unverified. Grissom does not know where he currently stands financially. However, he believes that the outstanding tax liabilities will have a devastating impact on his business especially with the slowing economy and decline in construction jobs.

The telephone interview was concluded at approximately 12:35 p.m.

*Lucy Tan*

Lucy Tan
Special Agent

# Internal Revenue Service
# Criminal Investigation

## Memorandum of Interview

| | | | |
|---|---|---|---|
| **In Re:** | Thomas Shumate | **Location:** | Via Telephone (773) 205-4160 |

**Investigation #:** 1000206024
**Date:** April 11, 2008
**Time:** Approx. 9:25 a.m. - 9:40 a.m.
**Participant(s):** Susan Henrichs, Witness
Lucy Tan, Special Agent

On the above date and time, Special Agent Tan contacted Susan Henrichs of Ad Kids, Inc via the telephone to obtain Henrichs's testimony on the types of impact that the payroll fraud had imposed on his business. Henrichs provided the following information:

1. Propay Inc provided payroll services to Ad Kids for approximately 4 years.

2. Henrichs stated that she hired Propay because of their reasonable service fees. Henrichs was unaware of any tax issues until she was contacted by IRS-CI in late 2006. Henrichs stated that Propay always provided everything that she had requested at a timely manner.

3. Henrichs said it was horrible that Shumate stole tax money from a small business like Ad Kids. Henrichs stated that her business was targeted a few years ago by internet extortionists that almost put her out of business and now she has to deal with another problem, tax liabilities.

4. Henrichs stated that last year, she had to work other jobs to keep her company afloat due to the fraud.

5. Henrichs said she felt robbed by Shumate. Henrichs entrusted Shumate with her tax money and he stole it from her. Henrichs stated that it is ridiculous that she will need to repay the stolen tax money to the IRS again. Henrichs also stated that she will need to repay her tax liabilities plus interest to the IRS.

6. Henrichs said that the total tax due and owing to the IRS is unverified. Henrichs does not know where she currently stands financially. However, she said that the amount can be devastating and can potentially bankrupt her business.

The telephone interview concluded at approximately 9:40 a.m.

*Lucy Tan*

Lucy Tan
Special Agent